UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | CR 06-656(A) SVW |
| Plaintiff, | ORDER DENYING DEFENDANT STEVEN TORRES'S MOTION TO DISMISS COUNTS THREE AND FOUR OF FIRST SUPERSEDING INDICTMENT [212] |
| v. | |
| GEORGE TORRES-RAMOS,<br>   aka Jorge Torres,<br>   aka G,<br>MANUEL TORRES-RAMOS,<br>   aka Manny Torres,<br>   aka Meno<br>STEVEN TORRES,<br>   aka Stevie,<br>MARIO SOLANO,<br>CARLOS MEJIA,<br>STEVE CARMONA, and,<br>GEORGE LUK, | |
| Defendants. | |

///

///

## I. INTRODUCTION

Defendant Steven Torres ("Steven Torres" or "Defendant") brings this Motion to Dismiss Counts Three and Four of the Government's First Superseding Indictment ("the Indictment"). Defendant is charged with violating the Violent Crimes in Aid of Racketeering Activity ("VICAR") statute, 18 U.S.C. § 1959(a)(6) and (a)(3). Defendant asserts that the Government's Indictment is deficient as it fails to allege facts sufficient to establish Steven Torres's participation in the alleged violent acts for one of the statutorily required purposes. Accordingly, Defendant moves to dismiss Counts Three and Four of the Indictment. In conformance with the discussion set forth below, the Court DENIES Defendant Steven Torres's Motion.

## II. ALLEGATIONS IN THE INDICTMENT

This Motion pertains only to Counts Three and Four of the Indictment. Count Three of the Indictment alleges Steven Torres, George Torres, Paul Vasquez, and Raul del Real conspired to assault with a dangerous weapon an unidentified male for payment from the Torres Enterprise and in order to gain entrance to and maintain his position in the Torres Enterprise in violation of VICAR, 18 U.S.C. § 1959(a)(6). (Indictment, at 26-27.) The Indictment specifically alleges that Steven Torres was "car-jacked" in the parking lot of one of the Numero Uno supermarkets. (Indictment, at 21-22.) The Indictment further alleges that after the car-jacking, Defendant George Torres-Ramos, Defendant Steven Torres's father, enlisted the

aid of Raul del Real. (Id.) The Indictment alleges that the three men, along with Paul Vasquez, conspired to assault the person who had stolen Steven Torres's car and actively sought that person out but did not find him. (Id.)

Count Four of the Indictment alleges that Steven Torres assaulted a juvenile, R.G., with sufficient force to bring about "serious bodily injury" for payment from the Torres Enterprise, and in order to gain entrance to and maintain his position in the Torres Enterprise in violation of VICAR, 18 U.S.C § 1959(a)(3). (Indictment, at 28.) Steven Torres claims it is undisputed, without citation to any document, that R.G. was a Numero Uno employee, that Steven Torres loaned him money, that R.G. refused to repay, and that the alleged assault occurred on Numero Uno premises. (Def. Mot., at 10-11.)

### III. ANALYSIS

#### A. Standards for Pre-Trial Motion to Dismiss Indictment

The federal courts possess the power to review a pre-trial motion to dismiss an indictment for failure to state an offense. In such a review, however, the Court must accept the truth of the allegations presented in the indictment. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). The Ninth Circuit has found that in reviewing whether an offense is properly charged in an indictment, the Court must examine only the four corners of the indictment. U.S. v. Boren, 278 F.3d 911, 914 (9th Cir. 2002); United

States v. Schaefer, 2006 WL 276941, at *1 (D. Ariz Feb. 2, 2006). See also United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993) (stating, "[g]enerally, Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'") (quoting United States v. Smith, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)). When a defendant challenges the sufficiency of an indictment, the review is distinct from that of a motion to dismiss a civil claim. "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." United States v. Rodriguez, 360 F.3d 949, 958 (9th Cir. 2004) (quoting United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) (internal citations omitted)). See also U.S. v. Fernandez, 388 F.3d 1199, 1220 (9th Cir. 2004) ("We have held that an indictment setting forth the elements of the offense is generally sufficient."); Woodruff, 50 F.3d at 676 ("In the Ninth Circuit, '[t]he use of a 'bare bones' information-that is one employing the statutory language alone-is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.'") (quoting United States v. Crow, 824 F.2d 761, 762 (9th Cir.1987)).

    Defendant Steven Torres, as other Defendants in this action have, seeks dismissal of counts of the Indictment partially on the basis of the Government's proffered Statement of Facts. Defendants have cited cases in which federal courts have resolved certain issues pre-trial where all relevant facts were available and undisputed.

See, e.g., United States v. Phillips, 367 F.2d 846, 855 (9th Cir. 2004). Whatever the applicability of this legal precedent to the issues raised in Defendant's Motion, it is not the case that all available facts have been presented to Court as Defendant asserts. First, the Statement of Facts is only directed to explicating the substantive RICO count of the Indictment and not the remaining counts. Second, the Government has maintained, at both hearing and in its original moving papers, that its Statement of Facts is not a full factual proffer as to even the substantive RICO count because it asserts more facts will be discovered as a result of its continued investigation and review of documents prior to trial. Although the Court is skeptical of this assertion in light of the length of the Government's investigation, it nonetheless precludes the Court from concluding that all facts relevant to each count of the Indictment are before it and undisputed. As such, the Court is in no position to dismiss any part of the Indictment on the basis of the Statement of Facts regardless of the import of the various cases cited by Defendants.

**B.   VICAR, 18 U.S.C. § 1959(a)**

1.   Elements

Counts Three and Four allege VICAR violations. The statute provides in pertinent part:

> "Whoever, as consideration for the receipt of, or as
> consideration for a promise or agreement to pay,

> anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, . . . assaults with a dangerous weapon [or] commits assault resulting in serious bodily injury upon . . . any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished."

18 U.S.C. § 1959(a). The Ninth Circuit Court of Appeals has "outlined the elements necessary to prove a section 1959 violation: (1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendants committed a violent crime; and (4) that they acted for the purpose of promoting their position in the racketeering enterprise" or for any of the other requisite purposes described in the VICAR statute, including for payment from the enterprise. United States v. Bracy, 67 F.3d 1421, 1429 (9th Cir. 1995); see also United States v. Banks, 514 F.3d 959, 968 (9th Cir. 2008); Fernandez, 388 F.3d at 1199; United States v. Vasquez-Velasco, 15 F.3d 833, 842 (9th Cir. 1994). Also, courts have held that a fifth required element is a nexus to interstate commerce.[1] Fernandez, 388 F.3d at 1220, n.10; United States v.

---

[1] 18 U.S.C. § 1959(b) provides:
(b) As used in this section--
(1) "racketeering activity" has the meaning set forth in section 1961 of this title; and
(2) "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

Riddle, 249 F.3d 529, 538 (6th Cir. 2001); United States v. Gray, 137 F.3d 765, 772 (4th Cir. 1998); United States v. Toliver, 2007 WL 923561, at *3 (D. Nev. Mar. 23, 2007). To make its case, the government also has to prove that the enterprise was engaged in racketeering activity separate and distinct from the acts charged as VICAR violations in the indictment. See Bracy, 67 F.3d at 1429. Steven Torres's separate motion addresses only the fourth element discussed above.

### 2. Sufficiency of the Allegations

Defendant asserts that the Government cannot prove at trial, based on the facts alleged in the Indictment and presented in the Statement of Facts, that he participated in a violent crime for any of the requisite purposes described in the VICAR statute. Defendant argues that the Government has alleged no facts indicating that Steven Torres committed any violent act for payment from the Torres Enterprise. (Def. Mot., at 1.) Defendant also asserts that the Government cannot prove that he participated in a violent crime in order to maintain or improve his stature within the Torres Enterprise because the Government has not specifically alleged that Steven Torres is a member of the enterprise and the "government has confirmed in its Bill of Particulars that Steven Torres is not a member or associate of the alleged RICO organization." (Def. Mot., at 1.) Finally, Defendant argues that the Government has not alleged facts showing that he committed any violent act in order to gain entry into the Torres Enterprise. (Id., at 2.) Defendant argues

that, contrary to such a claim, "as highlighted by the government in its [Statement of Facts], George Torres expressly instructed Steven Torres not to commit any acts of violence." (Id.)

The Indictment alleges the outlines of two violent acts committed by Steven Torres and generally avers that these two acts were performed for all three of the requisite purposes described in the VICAR statute. Bare-bones allegations in an indictment such as these are common and generally sufficient to survive dismissal in the Ninth Circuit. See Fernandez, 388 F.3d 1199, 1220. However, these allegations are not merely bare-bones, but contradictory. It would be logically impossible for the Government to prove that Steven Torres committed the two alleged underlying acts both to gain entrance to the Torres Enterprise and to improve his status within it. Hence, the Government is ordered to file a bill of particulars indicating under which specific purpose theory or theories it is pursuing Count Three and Four of the Indictment against Steven Torres.

Presuming the Government indicates in its bill of particulars that it intends to prove that Steven Torres committed the two acts for purposes of gaining entrance to the Torres Enterprise, which appears to be the Government's intended allegation, the Court does not feel it can dismiss the Indictment for a failure of evidence. (Opp., at 5.) The Ninth Circuit Court of Appeals recently held, in a case of first impression, "that the purpose element does not require the Government to show that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or maintain or increase his status within, the criminal organization." United

8

States v. Banks, 514 F.3d 959, 968 (9th Cir. 2008). However, the court further explained that its holding did not mean "that a defendant falls within the scope of VICAR if his desire to enhance or maintain his status in the organization had any role, no matter how incidental, in his decision to commit a violent act." Banks, 514 F.3d at 968. The court reasoned that if the purpose requirement were interpreted so broadly, VICAR might be extended to "any violent behavior by a gang member under the presumption that such individuals are always motivated, at least in part, by their desire to maintain their status within the gang[,]" a result the court found unintended by Congress. Id. Although the other circuits had not addressed the issue of whether even an "incidental" motivation satisfied the purpose requirement, the Banks court found support for the proposition that such a motivation did not satisfy the requirement in the language of earlier opinions. Id.; see Concepcion, 983 F.2d at 381 ("general purpose"); Smith, 413 F.3d at 1277 ("general purpose"); United States v. Tse, 135 F.3d 200, 206 ("general motive"); Wilson, 116 F.3d at 1078 ("integral aspect"); United States v. Fiel, 35 F.3d at 1004 ("integral aspect"). The court therefore concluded that "[p]eople often act with mixed motives, so the gang or racketeering enterprise purpose does not have to be the only purpose or the main purpose of the [violent crime.] But it does have to be a substantial purpose." Banks, 2008 WL 223292, at *8. The Government has alleged that Steven Torres committed the violent acts at issue substantially for a purpose prohibited under VICAR and this is sufficient under the unexacting standard for review of indictments in the Ninth Circuit.

Steven Torres asserts that there is no evidence in the Statement of Facts that he committed either alleged underlying act for purposes of gaining entrance to the Torres Enterprise, but, as already noted, this is inapposite. The Statement of Facts was not intended to inform the Court of its evidence as to Counts Three and Four and the Government continues to maintain it has not made a full factual proffer with regard to the Indictment. Hence, whatever the Court's view of the sufficiency of the facts presented by the Government with regard to Counts Three and Four in the Statement of Facts, they provide no basis for dismissal at this juncture.

The Court also does not find persuasive Defendant's argument that George Torres's one-time admonishment to Steven Torres of "Don't get your hands dirty" appearing in the Statement of Facts precludes a finding on any evidence that Steven Torres committed the underlying alleged acts for the substantial purpose of gaining entrance to the Torres Enterprise. (Steven Torres Mot., at 11-12; SOF, at 53 n 18.) The statement was in the context of George Torres telling Steven Torres not to retaliate against an aggressive employee, but to instead allow a proxy sent by George Torres to handle the employee. (SOF, at 53 n. 18.) The fact that George Torres at one time told Steven Torres to allow a proxy to commit criminal activity on his behalf in no way forecloses the possibility that George Torres expressed a different view at other times or that Steven Torres pursued membership in the enterprise in spite of his father's alleged wishes. This is not to say that this statement is in no way probative of Steven Torres's lack of culpability under VICAR, but

only that it is not determinative and therefore no basis for dismissal of Counts Three and Four.

**IV. CONCLUSION**

The Court accordingly DENIES Defendant Steven Torres's motion to dismiss Counts Three and Four of the Government's First Superseding Indictment. However, the Court ORDERS the Government to file a bill of particulars detailing under what specific purpose theory or theories it is pursuing Counts Three and Four of the Indictment against Steven Torres.

IT SO ORDERED.

DATED: 6/2/08

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE